IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEON MAURICE BARNETT, # 177739, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14cv896-MHT |
| | ) | (WO) |
| LEEPOSEY DANIELS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Leon Maurice Barnett ("Barnett") on August 24, 2014.  (Doc. # 1.)[1]  Barnett challenges his convictions in the Montgomery County Circuit Court for various drug-related offenses.  For the reasons that follow, it is the recommendation of the Magistrate Judge that Barnett's § 2254 petition be denied without an evidentiary hearing and this case be dismissed with prejudice.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On May 9, 2007, a Montgomery County jury found Barnett guilty of one count of trafficking in marijuana, in violation of § 13A-12-231(1), Ala. Code 1975; two counts of distributing marijuana, in violation of § 13A-12-211, Ala. Code 1975; and one count of possession of drug paraphernalia, in violation of § 13A-12-260.  (Doc. # 18-5 at 82–83.)  On June 5, 2007, the trial court sentenced Barnett as an habitual offender to life

---

[1] Document numbers ("Doc. #") are those assigned by the Clerk of Court.  Page references are to those assigned by CM/ECF.

imprisonment for the trafficking conviction; to 15 years' imprisonment for each of his convictions for distribution of marijuana; and to 12 months' imprisonment for his conviction for possession of drug paraphernalia.  (*Id.* at 86–93.)  All sentences were ordered to run concurrently.

Barnett appealed,  arguing that the trial court erred by denying his motion for a new trial, in which he argued he was denied his right to testify when the trial proceeded in his absence on the second and final day.  (Doc. # 8-1.)  On August 22, 2008, the Alabama Court of Criminal Appeals affirmed his conviction and sentence by unpublished memorandum opinion.  (Doc. # 8-3.)  Barnett's application for rehearing was overruled on September 12, 2008.  (Doc. # 8-4.)  The Alabama Supreme Court initially granted Barnett's petition for writ of certiorari on November 20, 2008 (Doc. # 8-5 & 8-6); however, on April 10, 2009, that court quashed the writ as improvidently granted (Doc. # 8-7, 8-8, and 8-9). On that same date—April 10, 2009—the Alabama Court of Criminal Appeals issued the certificate of judgment.  (Doc. # 8-10.)

On April 1, 2010, Barnett filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.  (Doc. # 8-17 at 8–27.) Barnett raised four claims of ineffective assistance of counsel, alleging that his trial counsel was ineffective for failing to (1) object to the State's presentation of certificates of analysis concerning the marijuana "when no expert witness was subpoenaed to verify the report; thus, violating the Confrontation Clause"; (2) request that the trial court instruct jurors they could draw no adverse inferences from Barnett's failure to testify; (3) object to the trial court's failure to swear the jury venire before voir dire; and (4) object to the State's failure

2

"to establish the *Frye[ v. United States*, 293 F. 1013 (D.C. Cir. 1923),] predicates" before presenting the certificates of analysis concerning the marijuana. (Doc. # 8-17 at 16–26.) After receiving the State's response, filed June 8, 2010 (*id*. at 29–32), the trial court summarily denied Barnett's petition on June 15, 2010 (*id.* at 34–36). Barnett did not appeal from that judgment.

On August 22, 2012, Barnett filed a second Rule 32 petition in the trial court, this one seeking an out-of-time appeal from the denial of the first Rule 32 petition. (Doc. # 8–11 at 7–11.) Barnett maintained he failed to appeal from the judgment denying his first petition, through no fault of his own, because he did not receive timely notice of the judgment and first learned the petition had been denied after he filed a petition for writ of mandamus with the state appellate court in May 2012 asking that court to direct the trial court to rule on the first Rule 32 petition. (*Id*.) When denying the petition for mandamus in August 2012, the state appellate court informed Barnett that his first Rule 32 petition was denied in June 2010. (*See* Doc. # 8-17 at 45.)

On October 15, 2012, the trial court summarily denied Barnett's Rule 32 petition seeking an out-of-time appeal from the denial of his first Rule 32 petition. (Doc. # 8-11 at 20.) Barnett appealed that judgment. On January 31, 2013, the Alabama Court of Criminal Appeals remanded the case to the trial court with directions to conduct an evidentiary hearing on whether Barnett received timely notice of the denial of his first Rule 32 petition. (Doc. # 8-14.) After conducting the hearing (Doc. # 18-1 at 8–16), the trial court found Barnett did not receive timely notice of the judgment denying his first Rule 32 petition and

held he was therefore entitled to an out-of-time appeal from that judgment (Doc. # 18-1 at 16).

Barnett then appealed from the denial of his first Rule 32 petition,[2] reasserting the claims of ineffective trial counsel he raised in that petition.  On November 8, 2013, the Alabama Court of Criminal Appeals issued a published opinion affirming the denial of Barnett's first Rule 32 petition.  (Doc. # 8-20.)  *See Barnett v. State*, 154 So. 3d 254 (Ala. Crim. App. 2013).  The Alabama Court of Criminal Appeals' opinion held that Barnett failed to satisfy the standard of *Strickland v. Washington*, 466 U.S. 668 (1984), on each of his four claims of ineffective assistance of counsel.  *Barnett v. State*, 154 So. 3d at 258–60. Barnett applied for rehearing (Doc. # 18-2), which the Alabama Court of Criminal Appeals overruled on February 7, 2014 (Doc. # 8-21).  Barnett then filed a petition for writ of certiorari with the Alabama Supreme Court (Doc. # 18-3), which that court denied on May 23, 2014 (Doc. # 8-22).  The certificate of judgment issued on May 23, 2014.

On August 24, 2014, Barnett initiated this habeas action by filing a § 2254 petition pursuing his claims that his trial counsel was ineffective for:

(1)     failing to object to the State's presentation of certificates of analysis concerning the marijuana when no expert witness was subpoenaed to verify the report;

(2)     failing to request that the trial court instruct jurors they could draw no adverse inferences from his failure to testify;

(3)     failing to object to the trial court's failure to swear the jury venire before voir dire; and

---

[2] Because the trial court granted the out-of-time appeal from the denial of the first Rule 32 petition, the Alabama Court of Criminal Appeals dismissed as moot Barnett's appeal from the denial of his second Rule 32 petition.  Doc. # 8–15.

4

(4)     failing to object to the State's failure to establish the *Frye* predicates before presenting the certificates of analysis concerning the marijuana.

(Doc. # 1 at 5–10; Doc. # 1-1 at 9–13.)

The Respondents filed an answer arguing Barnett's § 2244 petition is time-barred by the one-year limitation period in 28 U.S.C. § 2244(d).[3]  (Doc. # 8.)  Because it appeared the limitation period had expired in November 2010, this court entered an order directing Barnett to show cause why his petition should not be denied as untimely.  (Doc. # 9.)

---

[3] Title 28 U.S.C. § 2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Barnett filed a response asserting his entitlement to equitable tolling on the ground that extraordinary circumstances beyond his control prevented him from filing a timely § 2254 petition.[4]  (Doc. # 13.)  In particular, Barnett maintains he did not receive timely notice of the denial of his first state Rule 32 petition and only learned the petition had been denied after it was too late for him to file a timely habeas petition in this court.  (*Id*. at 7–12; Doc. # 13-1.)  Barnett maintains he diligently tried to stay apprised of the status of his Rule 32 petition by contacting the clerk of the state trial court, either himself or through members of his family, on numerous occasions from October 2010 through May 2012.  (Doc. # 13 at 7–12; Doc. # 13-1.)  He maintains that, throughout his attempts to learn the status of his petition, the trial court clerk negligently failed to inform him that the petition had been denied in June 2010.  (*See* Doc. # 13-1.)  According to Barnett, it was not until August 2012, when the Alabama Court of Criminal Appeals denied his petition for writ of mandamus seeking an order directing the trial court to rule on his Rule 32 petition, that he learned his Rule 32 petition had been denied in June 2010.  (*Id*. at 3.)

In light of Barnett's allegations, this court directed the Respondents to file a supplemental answer addressing Barnett's equitable-tolling claim.  (Doc. # 16.)  In the supplemental answer, the Respondents argue Barnett fails to establish that extraordinary circumstances beyond his control and his exercise of diligence compel equitable tolling in

---

[4] The limitation period in federal habeas proceedings may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

his case.  (Doc. # 18 at 2–7.)  In particular, the Respondents question whether Barnett's allegations show he acted diligently in keeping abreast of the status of his Rule 32 petition and argue that Barnett does not demonstrate the type of reasonable diligence required to entitle him to equitable tolling.  (*Id.* at 5–6.)  The Respondents further argue that, even if Barnett is entitled to equitable tolling, all but one of his four claims of ineffective assistance of counsel are procedurally defaulted, because he failed to properly exhaust three of the ineffective-assistance claims in the state courts and presentation of the unexhausted claims would now be barred by state procedural rules.  (*Id.* at 7–13.)  The Respondents contend that the sole ineffective-assistance claim Barnett exhausted in the state courts was correctly decided on the merits by the state courts.  (*Id.* at 13–17.)  The Respondents also contend, alternatively, that all of Barnett's ineffective-assistance claims were correctly decided in the state courts, and therefore none of the claims entitle him to federal habeas relief.  (*Id.* at 17–19.)

Without question, Barnett's § 2254 petition was filed well after expiration of the federal limitation period in 28 U.S.C. § 2244(d).  As set out in this court's show-cause order of October 16, 2014 (Doc. # 10), the time under § 2244(d) for Barnett to file a § 2254 petition expired in November 2010, over three years before he filed his petition in this court.  (*See id.* at 3–5.)  As discussed above, however, Barnett seeks to escape operation of the time-bar by obtaining equitable tolling. The undersigned finds it is unnecessary to address Barnett's claim for equitable tolling, because even assuming equitable tolling applies and Barnett's petition is not barred for untimeliness under § 2244(d), the Respondents correctly argue that three of Barnett's four claims are procedurally defaulted,

and his sole non-defaulted claim was correctly decided on the merits by the state courts. Therefore, Barnett is not entitled to federal habeas relief.

## II.   DISCUSSION

### A.   Procedural Default

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised.  *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001).  To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court.[5]  *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala.R.App.P. 39 & 40.  The exhaustion requirement applies to state post-conviction

---

[5] The filing of an application of rehearing is a prerequisite for certiorari review by the Alabama Supreme Court. Ala. R.App. P. 40(d)(1) ("In all criminal cases except pretrial appeals by the state, the filing of an application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite for certiorari review by the Alabama Supreme Court.").

proceedings as well as to direct appeals.  *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules.  *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."  *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

### 1.  *Barnett's Defaulted Claims*

The Respondents argue that the following claims in Barnett's § 2254 petition are procedurally defaulted because he failed to properly exhaust them in the state courts and proper presentation of the claims in state court would now be barred by state procedural rules:  (1) trial counsel was ineffective for failing to object to the State's presentation of certificates of analysis concerning the marijuana when no expert witness was subpoenaed to verify the report; (2) trial counsel was ineffective for failing to request that the trial court instruct jurors they could draw no adverse inferences from Barnett's failure to testify; and (3) trial counsel was ineffective for failing to object to the State's failure to establish the *Frye* predicates before presenting the certificates of analysis concerning the marijuana. (Doc. # 18 at 7–13.)

A review of the record confirms the Respondents' contention that Barnett failed to exhaust these three ineffective-assistance claims through one complete round of state court appellate review during his state post-conviction proceedings.   Specifically, Barnett asserted none of the three claims in the application for rehearing he filed in the Alabama Court of Criminal Appeals after that court issued its opinion affirming the trial court's denial of his Rule 32 petition, and he further asserted none of the three claims in the petition for writ of certiorari he subsequently filed with the Alabama Supreme Court.   An examination of Barnett's application for rehearing and supporting brief and of his petition for certiorari reveals that the only claim of ineffective assistance of counsel Barnett presented in those filings was his claim that his trial counsel was ineffective for failing to object to the trial court's alleged failure to swear the jury venire before voir dire.   (*See* Doc. # 18-2 & 18-3.)   Barnett's application for rehearing and petition for certiorari contain no mention of his other three claims of ineffective assistance of counsel.   As as a result of his failure to pursue the three claims through the established state appellate review process, he failed to exhaust the claims for habeas corpus review.   Federal courts "have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 275–276 (1971).

Moreover, the Respondents correctly observe (*see* Doc. # 18 at 10) that Barnett may no longer return to the state courts to exhaust his three unexhausted claims, because the time for him to assert the claims in the state appellate courts in an application for rehearing and a petition for certiorari has long since passed, and he has no other available remedies. *See* Ala.R.App.P. 39(c)(2) & 40(c).   Thus, the exhaustion and preclusion rules coalesce

into the procedural default of three of Barnett's claims of ineffective assistance of counsel. *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

### 2. *Exceptions to Procedural Default*

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include a factual or legal basis for a claim that was not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray,* 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted). Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new reliable evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup,* 513 U.S. at 327.

Here, Barnett does not assert grounds for cause to excuse his procedural default. Nor does he point to any new reliable evidence, as required by *Schlup*, to support a claim

11

that he is actually innocent of the offense of which he was convicted. Consequently, his procedurally defaulted claims are foreclosed from federal habeas review

### B.   Standard for Claims Adjudicated on Merits by State Courts

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at \*7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404–05 & 412–13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404–06; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407.

"Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision.  *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003).  The reviewing court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).  "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'"  *Cullen v. Pinholster*, 536 U.S. 170, 181 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

### 1.   <u>*Strickland*</u> *Standard for Claims of Ineffective Assistance of Counsel*

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the clearly established federal law on claims of ineffective assistance of counsel and requires that a petitioner alleging ineffective assistance establish that his counsel's performance was deficient and

that he was actually prejudiced by the inadequate performance.  466 U.S. at 687.  This requires showing both that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*.  The petitioner must demonstrate that counsel's performance "fell below an objective standard of reasonableness," *id.* at 688, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

An ineffective assistance of counsel claim is examined under the "totality of the circumstances." *House v. Balkcom*, 725 F.2d 608, 615 (11th Cir.1984).  An attorney's performance is presumed to have been reasonable and must not be examined with the aid of judicial hindsight. *Messer v. Kemp*, 760 F.2d 1080, 1088 (11th Cir. 1985).  A federal court must apply a "heavy measure of deference to counsel's judgments." *Singleton v. Thigpen,* 847 F.2d 668, 670 (11th Cir. 1988) (quoting *Strickland,* 446 U.S. at 691).

### 2.    *Failure to Object to Trial Court's Failure to Swear Jury Venire*

Barnett contends that his trial counsel rendered ineffective assistance of counsel by failing to object to the trial court's alleged failure to swear the jury venire before voir dire. (Doc. # 1; Doc. # 1-1 at 13.)  He presented this claim in his Rule 32 petition and properly exhausted it in the state courts, pursuing it on appeal from denial of the Rule 32 petition, in his application for rehearing in the Alabama Court of Criminal Appeals, and in his petition for certiorari in the Alabama Supreme Court.

Addressing Barnett's claim, the Alabama Court of Criminal Appeals found in

pertinent part:

> [C]oncerning claim (3) in his [Rule 32] petition, Barnett failed to plead any
> fact that, if true, would show that there is a reasonable probability that, but
> for his trial counsel's failure to object to the trial court's failure to swear the
> venire before voir dire, the result of his trial would have been different.
> Initially, we note that it is undisputed that the petit jury was sworn. *See*
> *Brooks v. State*, 845 So.2d 849, 851 n.4 (Ala. Crim. App. 2002) (stating that
> "there is a difference between a claim that the trial court failed to administer
> the oath to both the venire and the petit jury—which is a jurisdictional
> claim—and a claim that the trial court failed to administer the oath to either
> the venire or the petit jury—neither of which are, by themselves,
> jurisdictional claims"). In his petition, Barnett simply alleged that the record
> was silent as to the swearing of the venire and that he was entitled to a new
> trial because his trial counsel did not object to the trial court's failure to swear
> the venire. Again, Barnett did not allege any actual prejudice caused by his
> trial counsel's failure to object. For example, Barnett did not allege that an
> unsworn veniremember falsely answered a question propounded to him or
> her and that, if that veniremember had been sworn, there is a reasonable
> probability that the outcome of the trial would have been different.
>
> ....
>
> ... [W]e find that, under Rules 32.3 and 32.6(b), Ala.R.Crim.P., and
> *Strickland [v. Washington*, 466 U.S. 668 (1984)], a petitioner who asserts a
> claim of ineffective-assistance-of-counsel always has the burden of
> specifically pleading how the deficient performance actually prejudiced the
> defense, even if the allegedly deficient performance was trial counsel's
> failure to object to the trial court's failure to swear the venire.
>
> Based on Barnett's petition, even assuming that the trial court failed
> to swear the venire and that his trial counsel did not object to that failure, a
> court cannot determine whether Barnett is entitled to relief on his ineffective-
> assistance-of-counsel claim because he did not plead specific facts indicating
> that he was prejudiced by his trial counsel's omission…. Accordingly, we
> conclude that Barnett's ineffective-assistance-of-counsel claim was
> insufficient on its face and that summary disposition of the claim was
> appropriate. *See Lott v. State*, 826 So.2d 457, 459 (Fla. Dist .Ct. App. 2002)
> (holding that the defendant's postconviction claim that his counsel was
> ineffective for failing to object to the trial court's failure to swear the venire

was properly summarily denied because the defendant did not allege that the omission by his counsel caused any harm).

*Barnett v. State*, 154 So. 3d 254, 259–60 (Ala. Crim. App. 2013).

Because the state court ruled on the merits of Barnett's ineffective-assistance claim, this court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*, ___ U.S. ___, ___, 134 S.Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

The state court's decision did not involve an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). As the Alabama Court of Criminal Appeals stated, "Barnett simply alleged that the record was silent as to the swearing of the venire and that he was entitled to a new trial because his trial counsel did not object to the trial court's failure to swear the venire." *Barnett*, 154 So. 3d at 259. Barnett fails to offer "clear and convincing evidence" to contradict the state court's factual determination. 28 U.S.C. § 2254(e)(1).

Moreover, the state court correctly identified *Strickland* as the controlling law and properly applied it to Barnett's ineffective-assistance claim. To obtain habeas relief, Barnett must establish there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. That is, Barnett "must show that the deficient performance [of counsel] prejudiced his defense. This requires showing that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." *Id.* at 687. However, Barnett

fails to show how he was prejudiced by his trial counsel's failure to object to the trial court's alleged failure to swear the jury venire. For example, Barnett does not allege, much less show, that an unsworn juror somehow impacted the outcome of his trial. *See Lynch v. Thomas*, No. 3:11-CV-774-WHA, 2014 WL 5113623, at *1 (M.D. Ala. Sept. 24, 2014) ("Lynch merely alleges that the venire seated for his trial was not properly sworn immediately prior to voir dire to answer truthfully. He does not allege or show that any member of the venire actually provided false information or that any member of the petit jury, which was administered the oath prior to the beginning of Lynch's trial, provided false information during the qualification process or that the outcome of his trial would have been different had some other juror been on the petit jury. Thus, he has not established the prejudice element of *Strickland* with respect to this claim of ineffective assistance of trial counsel."); *Green v. Crosby*, No. 03-21273-CIV, 2004 WL 5136978, at *4 (S.D. Fla. Oct. 19, 2004) (footnote omitted) (Habeas petitioner failed to make "a *prima facie* showing that the [alleged failure to swear venire] resulted in the deprivation of a fundamentally fair trial. In other words, there is no indication in the record whatever that any member of the venire gave untruthful answers during questioning, or that [the petitioner] would likely have prevailed at trial with a different jury.").

The Supreme Court in *Strickland* stated, "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." 466 U.S. at 697. Here, Barnett fails to satisfy the prejudice prong of the *Strickland* standard for claims of ineffective assistance of counsel. The state court decision denying Barnett relief on this claim was neither contrary

to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  28 U.S.C. § 2254(d)(1).  Therefore, Barnett is not entitled to federal habeas relief on this claim.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before August 14, 2017.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th

Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

      Done this 31st day of July, 2017.

                              /s/Charles S. Coody

                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE